**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: July 27 2015**

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-34529 |
| | ) | |
| JESSE JAMES WHITT, JR. | ) | Chapter 7 |
| MARY KATE WHITT | ) | |
| | ) | |
| Debtors. | ) | JUDGE JOHN P. GUSTAFSON |

<u>**MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION
TO DEBTORS' CLAIM OF EXEMPTION**</u>

This case comes before the court on the Chapter 7 Trustee's ("Trustee") Objection to Debtor's Claim of Exemption. [Doc. #16]. Debtors Jesse James Whitt, Jr. and Mary Kate Whitt both claimed an exemption in a 2007 Chevy Silverado ("Silverado") under the "motor vehicle" exemption provided by Ohio Revised Code Section 2329.66(A)(2). The facts in this matter are not in dispute.

The Silverado was listed on Schedule B as having a value of $8,300. Schedule D does not list any lien against that vehicle. Schedule C claims an exemption of $7,350 in the Silverado under §2329.66(A)(2), reflecting the motor vehicle exemptions for both Debtors.

The Trustee's Objection is based upon cases like *In re Toland*, 346 B.R. 444 (Bankr. N.D. Ohio 2006), denying exemptions to debtors in joint cases where the spouse does not have an ownership interest in the property. In this case, the Silverado is titled in the name of the Debtor-Husband only.

In response, Debtors assert that Mrs. Whitt is entitled to claim an exemption in the Silverado, even though Mr. Whitt's name is the only one on the title to the vehicle. Analogizing to Ohio case law holding that a spouse's dower interest is sufficient to support a homestead exemption claim, Debtors point to the Ohio statute, O.R.C. §2106.18(AA), which provides a surviving spouse with an "interest" in at least one motor vehicle of the decedent spouse. It is Debtors position that this statutory interest is sufficient to meet the legal requirement that a debtor have an interest in the property being claimed as exempt.

For the reasons set forth below, the Chapter 7 Trustee's Objection to the Debtors' Claim of Exemption will be Sustained.

## LAW

Determinations concerning the allowance of exemptions from property of the estate are core proceedings pursuant to 28 U.S.C. §157(b)(2)(B). Accordingly, the court may enter a final order on this issue. 28 U.S.C. §157(b)(1).

The Ohio exemption statute generally provides for exemptions of "the person's interest" in property. *See*, *In re Toland*, 346 B.R. 444, 448 (Bankr. N.D. Ohio 2006)(court finds no basis to read the term "interest" in §3103.04 as other than complementary to the term "interest" in §2329.66). The statutory requirement that the debtor have an "interest" has led to several Ohio bankruptcy courts holding that where a joint debtor does not hold an interest in property, an exemption will not be allowed over a timely objection. *See*, *In re McCrory*, 2001 WL 4005455 at *3, 2011 Bankr. LEXIS 3403 at **8-10 (Bankr. N.D. Ohio Sept. 8, 2011)(citing cases involving tax refunds); *In re Miller*, 427 B.R. 616, 620 (Bankr. N.D. Ohio 2009)(motor vehicle); *In re Toland*, 346 B.R. at 448-449; *In re Mangold*, 244 B.R. 901, 904-905 (Bankr. S.D. Ohio 2000)(entitlement to homestead exemption did not arise until conveyance to spouse after lien attached).

Under Ohio law, subject to certain exceptions, neither spouse "has any interest in the property of the other." Ohio Rev. Code §3103.04. Debtors point to one exception to this general rule: a spouse's dower interests in real estate under O.R.C. Section 2103.02[1], which provides a spouse[2] with an interest in property

---

[1] A brief history of the enactment and major case law developments related to the dower statute can be found in Judge Clark's opinion, *In re Castor*, 99 B.R. 807 (Bankr. S.D. Ohio 1989), and Judge Hoffman's decision, *In re Barnhart*, 447 B.R. 551, 559-61 (Bankr. S.D. Ohio 2011).

[2] Although at one time Ohio dower rights were an interest in property limited to wives, the current right of statutory dower applies to a "spouse". *See*, O.R.C. §2103.02; *Deutsche Bank Trust Co. Ams. v. Smith*, 2008 WL 2349289 at *1 n.1, 2008 Ohio App. LEXIS 2352 at **1-2 n.1 (Ohio Ct. App. June 09, 2008); *In re Barnhart*, 447 B.R. 551, 559 (Bankr. S.D. Ohio 2011).

2

titled in the name of the other spouse. *See*, *In re Rudicil*, 343 B.R. 181, 183 (Bankr. S.D. Ohio 2006); *Jewett v. Feldheiser*, 68 Ohio St. 523, 530, 67 N.E. 1072, 1074 (Ohio 1903). An inchoate dower interest in real property is property of the bankruptcy estate of the debtor who holds the interest. *In re Barnhart*, 447 B.R. 551, 555 (Bankr. S.D. Ohio 2011)(citing cases). Bankruptcy courts have held that this interest in property can be claimed as exempt, under the Ohio homestead exemption, by the spouse holding the dower interest. *In re Wycuff*, 332 B.R. 297 (Bankr. N.D. Ohio 2005); *In re Miller*, 151 B.R. 800 (Bankr. N.D. Ohio 1992); *In re Castor*, 99 B.R. 807, 811–812 (Bankr. S.D. Ohio 1989); *In re Hill*, 11 B.R. 217 (Bankr. S.D. Ohio 1981).

The Debtors assert that the interest of the Debtor-Wife in the Silverado, under O.R.C. §2106.18, is similar to a dower interest in real estate and should, therefore, be held to support her claim of exemption in the vehicle. Section 2106.18(A) states, in pertinent part:

> Upon the death of a married resident who owned at least one automobile at the time of death, the interest of the deceased spouse in up to two automobiles that are not transferred to the surviving spouse due to joint ownership with right of survivorship established under section 2131.12 of the Revised Code, that are not transferred to a transfer-on-death beneficiary or beneficiaries designated under section 2131.13 of the Revised Code, and that are not otherwise specifically disposed of by testamentary disposition may be selected by the surviving spouse. This interest shall immediately pass to the surviving spouse upon transfer of the title or titles in accordance with section 4505.10 of the Revised Code.

Debtors' Schedule C lists a combined exemption of $7,350, of which $3,675 is attributable to Debtor-Wife. At the Hearing on the Trustee's Objection to the claim of exemption, Debtors' counsel argued that the exemption should be allowed based upon the Debtor-Wife's interest in the Silverado under §2106.18(A).

Although dower rights are, in one sense, "inchoate"[3] because they are contingent, the right to dower is statutorily protected, "whether inchoate or otherwise," from judicial sales of real property. O.R.C. §2103.041. One court has described this dower interest as, at least technically, "vested". *See*, *In re Barnhart*, 447 B.R. 551, 560-61 (Bankr. S.D. Ohio 2011), *but see*, *In re Castor*, 99 B.R. 807, 808 (Bankr. S.D. Ohio 1989)("In the amended dower provision the Ohio legislature preserved inchoate dower and abolished vested dower except as provided in certain subsections...."). Similarly, in *Martz*, the court stated that "a spouse's right to dower confers upon that spouse a cognizable interest in real estate owned by the

---

[3]/ *In re Barnhart*, 447 B.R. 551, 559 (Bankr. S.D. Ohio 2011)("To be precise, under current Ohio law, the Dower Interest is a vested, inchoate interest.").

14-34529-jpg    Doc 37    FILED 07/27/15    ENTERED 07/27/15 16:54:39    Page 3 of 8

other spouse." *In re Martz*, 293 B.R. 409, 412 (Bankr. N.D. Ohio 2002). Thus, while the dower statute provides that the dower interest of a spouse "may be subjected to the [judicial] sale without the consent of the spouse", the same statute states that the court "shall award the spouse a sum of money equal to the present value of the dower interest[4], to be paid out of the proceeds of the [judicial] sale". O.R.C. §2103.041. A method for calculating the "present value" of a dower interest[5] is set forth in Ohio Revised Code Sections 2103.041, 2131.01 and 5731.01(B). *See*, *In re Martz*, 293 B.R. 409, 412 (Bankr. N.D. Ohio 2002).

There is no comparable legal protection of a spouse's interest in a motor vehicle provided by §2106.18(A)[6]. Whereas a spouse's dower interest arises immediately, and generally terminates upon death (absent a transfer or an encumbrance of the property during the marriage, where dower has not been released), the interest in a spouse's vehicle does not trigger an enforceable right until the death of the spouse, and then only if the decedent: 1) still owns the vehicle; 2) remains an Ohio resident; and, 3) the vehicle was not otherwise specifically disposed of by testamentary disposition. O.R.C. §2106.18(A).

The difference between the dower statute and the "Right of surviving spouse to automobiles of decedent" statute are reflected in the way these different assets are transferred in Ohio. For real estate, a spouse's dower interest can be conveyed as part of a mortgage transaction, or a transfer of real property. *See*. *Standard Federal Bank v. Staff*, 168 Ohio App.3d 14, 20, 857 N.E.2d 1245, 1249-1250 (Ohio App. 1 Dist. 2006)("[W]henever a married person buys real estate in Ohio, the married person's spouse automatically receives a dower interest. Thus any document that intends to convey or mortgage an interest in the property is not effective as to the non-title-holding spouse's dower interest unless that spouse has also signed the document."); *In re Morgeson*, 371 B.R. 798, 804 (6th Cir. 2007)("A dower interest is an alienable interest that may be conveyed as security for a loan."). Under Ohio law, with certain exceptions, a dower interest generally continues until it is released. *Ogan v. Ogan*, 122 Ohio App.3d 580, 702 N.E.2d 472, 474 (Ohio App. 12 Dist. 1997). Thus, for example, if a spouse's dower interest is not conveyed as part of a

---

[4]/ There is an exception: "To the extent that the owner and the owner's spouse are both liable for the indebtedness, the dower interest of the spouse is subordinate to the claims of their common creditors." O.R.C. §2103.041.

[5]/ There appears to be an issue as to whether courts should use the "American Experience Table" versus the "Bowditch Table" for dower valuation purposes. *In re Wycuff*, 332 B.R. 297, 303 (Bankr. N.D. Ohio 2005). But, unlike the contingent future interest in a motor vehicle, there is a statutory method for valuing dower interests. Notably, at least one court has held "in Ohio that a dower interest **capable of measurement** is includible in the bankrupt estate." *In re Lambert*, 57 B.R. 710, 713 (Bankr. N.D. Ohio 1986)(emphasis added).

[6]/ A spouse is immediately "endowed with an estate for life" under the dower statute. *See*, O.R.C. §2103.02. In contrast, the interest of the spouse in a motor vehicle under O.R.C. §2016.18(A) arises: "Upon the death of a married resident...".

4

mortgage transaction, the unreleased dower interest has priority over the mortgage. *In re Rosario*, 402 B.R. 223, 229 (Bankr. N.D. Ohio 2009).

In contrast, O.R.C. §4505.10(D) provides that a transfer of a vehicle to a surviving spouse under O.R.C. §2106.18(A) "does not affect any liens upon the motor vehicle so transferred." *See also*, *Seven Seventeen Credit Union, Inc. v. Benner*, 1987 WL 18031, 1987 Ohio App. LEXIS 9003 (Ohio App. 11 Dist. Sept. 30, 1987)(discussing the transfer of a vehicle under O.R.C. §2113.532(A), which was amended and recodified as §2106.18 effective May 31, 1990). Further, because the statutory right to elect to take ownership of a vehicle comes into existence only if the vehicle is owned by the spouse at the time of death and is "not otherwise specifically disposed of by testamentary disposition", a spouse has no present right, comparable to dower rights, in a vehicle owned by a spouse who is currently alive. *See*, O.R.C. §2106.18(A).

In reviewing similar arguments made in support of a claim of exemption in a vehicle not titled in the name of a debtor-spouse based upon more general "marital rights", *Toland* stated: "upon closer review, the rights and benefits afforded to married parties, whether these particular rights or others, cannot be read to translate into one spouse having the right to claim an exemption in the other's property." *In re Toland*, 346 B.R. 444, 448 (Bankr. N.D. Ohio 2006).

Looking at the issue from a slightly different perspective, the "right" provided to a surviving spouse by §2106.18(A) appears to be a right to make an election to take the vehicle. While, under many circumstances, it would be in the surviving spouse's interest to exercise his or her rights under §2106.18(A), there is bankruptcy case law that makes a distinction between "property", and an unexercised right of election to take property. *See generally*, *In re Jahrling*, 514 B.R. 565, 574-575 (Bankr. N.D. Ill. 2014); *In re Brand*, 251 B.R. 912, 915 (Bankr. S.D. Fla. 2000); *In re McCourt*, 12 B.R. 587 (Bankr. S.D.N.Y. 1981); *and see*, *In re Allen*, 415 B.R. 310, 316 (Bankr. N.D. Ohio 2009)(*citing In re Brand*). The court does not need to decide that issue here, but it is worth noting that the Debtors did not list a contingent right of election under §2106.18(A) as an interest in property on Schedule B. For Question 25, the Silverado is listed as being owned by "H", for "Husband", and there are "Xs", for "None", in response to Questions 20, 21 and 35 on Schedule B.

Thus, the kind of "property interest" in a vehicle titled in the name of a living spouse at the time bankruptcy is filed is probably too tenuous and speculative to support an Ohio exemption under existing case law.

5

But, even if that contingent[7] "future interest" in the vehicle were of a kind that would be sufficient to support a claim of exemption, there is the related problem of the amount of the claimed exemption in relation to the value of the asserted "property interest".

There is case law on this issue related to dower rights, from a time when the Ohio homestead exemption was only $5,000:

> It is undisputed that a debtor's inchoate dower interest as determined under Ohio law becomes property of the bankruptcy estate. *In re Castor*, 99 B.R. 807, 811–812 (Bankr. S.D. Ohio 1989)("where the husband and wife are joint debtors, the real estate and the inchoate dower right ... are assets of the bankruptcy estate"); *In re Wycuff*, 332 B.R. 297, 301 (Bankr. N.D. Ohio 2005)("Upon the commencement of bankruptcy, a debtor's interest in dower becomes property of the bankruptcy estate."). It is also well established that a debtor in an Ohio bankruptcy case is only entitled to a $5,000.00 exemption from the value of the dower interest. *Castor*, 99 B.R. at 813 ($5,000.00 exemption in sale proceeds allowed from $5,076.00 total dower value); *In re Hill*, 11 B.R. 217, 219–220 (Bankr. S.D. Ohio 1981)(total dower value of $1,500.70 held exempt as within the $5,000.00 exemption limit); *In re Miller*, 151 B.R. 800, 804 (Bankr. N.D. Ohio 1992) (exemption of $5,000.00 allowed for dower interest valued at $14,666.67); *Wycuff*, 332 B.R. at 302 (exemption of $5,000.00 allowed for dower interest valued at $7,080.55). There is simply no rational basis or authority for allowing a joint debtor in bankruptcy to retain the complete value of her interest in real estate while discharging the unpaid claims of unsecured creditors.

*In re Rudicil*, 343 B.R. 181, 184 (Bankr. S.D. Ohio 2006).

In the cases cited by *Rudicil*, it appears that the courts valued the dower interest in determining whether the full $5,000 homestead exemption could be taken. Specifically, in the *Miller* case, the court stated that: "The debtor, Sharon Jean Miller, requests an exemption in the full statutory amount of $5,000.00. She is entitled, however, to no more than the present value of her inchoate dower interest." *In re Miller*, 151 B.R. 800, 802 (Bankr. N.D. Ohio 1992).

The same concept was addressed in a more recent decision also involving different debtors named "Miller":

> This requirement, of limiting an exemption to a person's interest in property, is a common prerequisite for exemption statutes. *See* 11 U.S.C. § 522(d)(federal

---

[7]/ Ohio courts have held that "a debtor may claim an exemption in an asset even though his or her only interest in the asset is contingent." *See*, *In re Street*, 395 B.R. 637, 644 (Bankr. S.D. Ohio 2008); *In re Greer*, 242 B.R. 389, 399 (Bankr. N.D. Ohio 1999).

14-34529-jpg    Doc 37    FILED 07/27/15    ENTERED 07/27/15 16:54:39    Page 6 of 8

bankruptcy exemptions); *In re Moss*, 258 B.R. 405 (Bankr. W.D. Mo. 2001)(debtors are only allowed to claim an exemption in property in which they have an interest). Not only does this requirement serve to prevent a debtor from claiming an exemption in property in which he or she has no cognizable interest, **it also serves to prevent a debtor from claiming an exemption in property beyond their interest in the property. That is, to the extent that property is limited in the hands of the debtor, their right to exempt the property is likewise limited.** *In re Brennan*, 208 B.R. 448, 451 (Bankr. S.D. Ill. 1997); *In re Smith*, 30 B.R. 78, 79 (Bankr. M.D. Fla. 1983).

*In re Miller*, 427 B.R. 616, 620 (Bankr. N.D. Ohio 2009)(emphasis added).

Thus, contrary to the position taken by Debtors' counsel, the existence of an exemptible property right in a vehicle (if one existed) would not automatically entitle a debtor to an exemption in the full amount provided by O.R.C. §2329.66(A)(2). Rather, the motor vehicle exemption would be limited to the value of the interest in the Silverado held by the Debtor under §2106.18(A). Although a methodology for determining a present value of this "right" is not found in Ohio's statutes, it appears that the value of a non-title owner spouse's contingent and defeasible "right" in a presently-owned vehicle would be very small. On the other hand, the cost of putting a dollar value on the future right to claim ownership of the Silverado - if it is not the subject of specific testamentary disposition, if the parties have not divorced, and if the same Silverado is still owned by Mr. Whitt at the time of his actuarially hypothesized time of death - would be substantial.

In facing similar types of fact situations, where the property interest of a spouse was tenuous, Ohio bankruptcy courts have held that a *de minimis* interest in property[8] will not support an exemption. *See*, *In re Miller*, 427 B.R. 616, 619-20 (Bankr. N.D. Ohio 2009). While this holding may appear, at first blush, to be "anti-debtor", there is a benefit to debtors when these kinds of issues come up in a different context:

> This conclusion, that any interest held by Mrs. Miller in her husband's vehicle has no value and thus may not be exempted, provides cohesiveness and can also be advantageous to a debtor. To use this case as an example, it seems credulous that a creditor, holding a claim solely against Mrs. Miller, could have sought to repossess Mr. Miller's Grand Prix based solely upon Mrs. Millers putative interest in the vehicle. Similarly, had only Mrs. Miller sought bankruptcy relief, the Trustee would

---

[8]/ This issue is different than where a debtor, seeking to strip judgment liens, claims an exemption of a dollar (or some minimal amount) in property using Ohio's "wild card" exemption. *See generally*, *In re Pees*, 2013 WL 3808153, 2013 Bankr. LEXIS 2958 (Bankr. N.D. Ohio July 22, 2013)(plain language of the statute allowed judgment liens to be stripped based upon exemption of $1).

> not have been warranted to seek the turnover of Mr. Miller's Grand Prix simply because Mrs. Miller drove and had an insurable interest in the vehicle.

*In re Miller*, 427 B.R. at 620-621.

In addition, if a debtor-spouse's future contingent "right" to the vehicle under §2106.18(A) were sufficient to support a claim of exemption, there would appear to be an argument that it would be the kind of an "asset" that debtors would be required to disclose, in every bankruptcy case. *See*, 11 U.S.C. §521(a)(1)((B)(i).

For all of the above reasons: 1) the Ohio law requirement that a debtor have a property interest in order to qualify to claim an exemption; 2) the tenuous nature of the property interest in the vehicle (if any); 3) what appears to be an extremely low "fair market value" for the contingent and defeasible property interest Mary Kate Whitt currently holds in the Silverado titled to her husband; and, 4) the fact that the cost of determining a value of that interest would certainly exceed the amount of the exemption; the Trustee's Objection to the Claim of Exemption will be Sustained.

**THEREFORE**, based on all of the foregoing reasons and authorities, good cause appearing,

**IT IS ORDERED** that the Trustee's Objection to the Debtor's Claim of Exemptions [Doc. #16] will be **Sustained**, and the exemption in the 2007 Chevy Silverado will be limited to $3,675.00. A separate Order sustaining the Trustee's Objection will be entered.

###

14-34529-jpg    Doc 37    FILED 07/27/15    ENTERED 07/27/15 16:54:39    Page 8 of 8